IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENE CAZARES,

      Petitioner,                        No. CIV S-05-0625 FCD DAD P

    vs.

W.J. SULLIVAN, et al.,            <u>ORDER AND</u>

      Respondents.          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2002 conviction for assault and aggravated assault on a correctional officer, and possession of a weapon by a prison inmate. Petitioner was sentenced to two consecutive prison terms of 25 years to life. Before the court is respondents' motion to dismiss, petitioner's motion to amend his petition, and petitioner's motion requesting a stay and for this action to be held in abeyance.

        Petitioner filed his habeas petition on March 30, 2005. Therein, he advances the following claims: (1) ineffective assistance of trial counsel in that counsel failed to investigate witnesses who possessed information that exculpated petitioner, failed to investigate facts relevant to the case and failed to consult with petitioner regarding possible defenses to the charges he might have; (2) the trial court abused its discretion by denying petitioner's motion to

1

represent himself; (3) petitioner's sentence of 50 years to life imprisonment constitutes cruel and unusual punishment in violation of the Eighth Amendment.

Respondents argue in their motion to dismiss that petitioner failed to exhaust his state court remedies with respect to three of his five claims. Respondents assert that petitioner's unexhausted claims are: claim 1(b) that his attorney was ineffective for failing to investigate facts relevant to his case, claim 1(c) that his attorney was ineffective for failing to consult with petitioner about the possible defenses to be presented at trial, and claim 3 that the sentence imposed constitutes cruel and unusual punishment.[1]  (Mot. to Dismiss at 2.)  Respondents assert that this is a mixed petition and that petitioner should be required to file an amended petition containing only his exhausted claims.  (Id. at 3.)  Should petitioner fail to do so, respondents argue that the action should be dismissed.  (Id.)  In the alternative, should petitioner's request for a stay be granted, respondents take the position that petitioner should be ordered to act within thirty days after the California Supreme Court has issued its final judgment.  (Id.)  Finally, respondents argue that petitioner should be required to make a proper showing in support of his request for a stay of these proceedings as set forth by the Supreme Court in Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528 (2005).  (Id. at 4.)

In response to respondents' motion to dismiss, petitioner has moved for leave to amend his habeas petition.  Petitioner concedes that he has not exhausted all of the claims set forth in his habeas petition.[2]  He requests leave to file an amended petition which would contain only his exhausted claims and he moves the court to grant his request for a stay and abeyance

---

[1] The court is unable to determine whether these claims are unexhausted.  Neither party has filed copies of petitioner's petition for review to the California Supreme Court.  Although respondents indicate that the petition for review and the California Supreme Court's decision are attached to their request for judicial notice, no such request for judicial notice has been filed in this action.  See Mot. to Dismiss at 2.

[2] Petitioner concession that his petition contains unexhausted claims is offered by petitioner solely for purposes of responding to respondents' motion to dismiss. (Mot. to Amend at 1.)

which was previously filed. The request for stay and abeyance was made in petitioner's document styled, "Petition for Abeyance," filed on June 27, 2005, prior to the filing of respondents' motion to dismiss. Petitioner represents that his request is not made to cause delay and that he may be barred by the statute of limitations from presenting his claims to this court, if the pending action is not stayed. (Petition for Abeyance at 2.) On July 1, 2005, respondents filed an opposition to the petition for abeyance. Respondents argue that the petition should be denied because petitioner has failed to demonstrate good cause for the stay or that the unexhausted claims have merit. (Resp'ts' Opp'n at 1-2.)

The court will first consider petitioner's motion to amend his petition which seeks to eliminate unexhausted claims from his habeas petition. This motion will be granted even though the Ninth Circuit has indicated that this procedure may no longer be a necessary prerequisite for obtaining a stay and abeyance. See Jackson v. Roe, 425 F.3d 654, 661 n.10 ("We note in passing that because Rhines has now authorized stays of mixed petitions, albeit in limited circumstances, the three-step procedure [amending mixed petition, filing motion for stay and abeyance, and filing motion for leave to amend when unexhausted claims are exhausted] may fall into disuse.").

Next, in light of the dismissal of petitioner's habeas petition with leave to file an amended petition, the court will recommend that respondents' motion to dismiss the mixed petition be denied as moot. Lastly, petitioner's motion for a stay and abeyance of this action, will be denied without prejudice. The court will provide petitioner with an opportunity to file a new motion for a stay and abeyance which addresses the requirements for such relief set forth by the Supreme Court in Rhines. In that case, the court affirmed the district court's discretion to stay a federal habeas proceeding to allow the petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. Rhines, ___ U.S. ___, 125 S. Ct. at 1534-35. See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted

federal petitions pending exhaustion of other claims); <u>Calderon v. United States Dist. Court (Taylor)</u>, 134 F.3d 981, 987-88 (9th Cir. 1998) (recognizing the district court's authority to allow a petitioner to amend a mixed petition to delete unexhausted claims and hold the fully exhausted petition in abeyance). The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." 125 S. Ct. at 1535. Even if a petitioner shows good cause, the district court should not grant a stay if the claims are plainly meritless. <u>Id.</u> Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. <u>Id.</u>

Thus, in his renewed motion for a stay and abeyance, petitioner must: (1) show good cause for his failure to exhaust all claims prior to filing this action; (2) identify his unexhausted claims and demonstrate that each is potentially meritorious; (3) describe the status of any state court proceedings on the unexhausted claims; and (4) demonstrate that he has acted with diligence in pursuing additional claims. <u>See</u> <u>Jackson v. Roe</u>, 425 F.3d at 662 (good cause does not require a showing of extraordinary circumstances); <u>Taylor</u>, 134 F.3d at 987 nn. 8 & 11 (failure to make a showing of diligence in pursuing additional claims may foreclose the granting of a stay).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's August 19, 2005 motion to amend his habeas petition is granted;

2. Petitioner's habeas petition, filed on March 30, 2005, is dismissed, and petitioner is granted thirty days from the service of this order to file and serve his amended petition that complies with the requirements of the Federal Rules of Civil Procedure; the amended petition must bear the docket number assigned this case and must be labeled "Amended Petition;" petitioner shall use the form petition provided by the court; petitioner must file an original and one copy of the amended petition;

3. Petitioner's June 27, 2005 petition for abeyance is denied without prejudice;

4. Within thirty days from the service of this order, petitioner shall file and serve a new motion for stay and abeyance in keeping with the requirements set forth in <u>Rhines v. Weber</u>, ___ U.S. ___, 125 S. Ct. 1528 (2005), and as described above in this order;

5. The Clerk of the Court is directed to provide petitioner with the court's form petition for a writ of habeas corpus; and

6. Petitioner's failure to comply with this order will result in the dismissal of this action.

Also, IT IS HEREBY RECOMMENDED that respondents' motion to dismiss, filed on August 5, 2005, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 11, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
caza0625.157+