IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENE CAZARES,

    Petitioner,        No. CIV S-05-0625 FCD DAD P

  vs.

W.J. SULLIVAN, et al.,

    Respondents.      ORDER
_____/

        Petitioner has requested an extension of time to file and serve his motion for a stay and abeyance in accord with the requirements set forth in Rhines v. Weber, 544 U.S. 269 (2005), and as directed by the court in an order filed January 12, 2006. In the interest of justice, the court will provide petitioner with one final opportunity to file his motion.

        In addition, petitioner was directed to file an amended petition containing only his exhausted claims. On June 5, 2006, petitioner filed an amended petition which contained a claim that his sentence of 50 years to life constitutes cruel and unusual punishment in violation of the California Constitution. Petitioner will be ordered to file a second amended petition. A claim presented in this federal habeas action may only be based on a violation of the U.S. Constitution. The court notes that in respondents' motion to dismiss, filed on August 5, 2005, respondents argued that petitioner's claim that his sentence constituted cruel and unusual punishment under

the Eighth Amendment of the U.S. Constitution was not exhausted.[1]  Petitioner is cautioned that his second amended petition should present only his exhausted federal claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's June 5, 2006 request for an extension of time to file his motion for a stay and abeyance is granted;

2. Petitioner shall file and serve his motion for a stay and abeyance within thirty days from the service of this order;

3. Petitioner's amended petition, filed on June 5, 2006, is dismissed;

4. Within thirty days from the service of this order, petitioner shall file a second amended petition that contains only his exhausted claim(s); the second amended petition must bear the docket number assigned this case and must be labeled "Second Amended Petition;" petitioner shall use the form petition provided by the court;

5. The Clerk of the Court is directed to provide petitioner with the form petition for a writ of habeas corpus by a state prisoner; and

6. Petitioner's failure to comply with this order will result in the dismissal of this action.

DATED: June 12, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
caza0625.eotAmd

---

[1] Respondents' motion to dismiss was denied as moot since petitioner had filed a motion to amend his petition and for a stay and abeyance. See Order, filed 2-24-06.